SMITH J.
delivered the opinion of the Court.
It appears by the Record, that at the last September Term of the Superior Court for Montgomery County, the prisoner was indicted for feloniously stealing, taking and carrying away, a negro man slave, of the goods and chattels of one Michael Peter-man, of the value of four hundred dollars. Being thereof arraigned, he pleaded not guilty, and put himself on the Country, and thereupon moved the Court for a continuance of the cause, for the reasons set forth in an affidavit filed, and ordered to be made a part of the "Record. In that affidavit, the prisoner swears, “that he considers that he cannot now safely go to trial, and assigns the following reasons: that he expects by the next Term of this Court, to be enabled to pror cure the attendance of sundry witnesses from the State of North Carolina, where he resided previous to his arrest, to prove that he is a man of good general character as to honesty, which he cannot prove here, he being a stranger in the country. He also expects to be able to prove at the next Term, that the negro, which he is charged with steáling, was the property of Jonathan Laws; that he regards this evidence as material, because, from the testimony given against him before the Examining Court, the Attorney for the Commonwealth relied principally, on evidence which went to show that the affiant was seen travelling in company with the said Laws, who then had the negro in his possession after the time he was alleged to have been taken from Peterman. The affiant is well satisfied that he can clearly prove, that the said negro, so seen in possession of said Laws, was in fact then the property of said Laws, and had been his property for several j7ears, which fact, if proved, ne is advised and believes will be very material to his defence. He also expects to prove that he was in the. State of North Carolina at the time the offence is charged to have been committed ; which facts he is now unable to prove, because of his recent arrest and confinement in Jail.” The motion was overruled by the Court, and the prisoner put on his trial, convicted and sentenced to five years imprisonment in the Penitentiary.
The Writ of Error is asked for on the ground, that the Superior Court erred in over-ruling the motion for a continuance.
A motion for a continuance, is addressed to the sound discretion of the Court; but whether the decision of a Superior Court, on such a motion in a Criminal case, is subject to the revision and correction of this Court, is a question which has never yet been decided here; nor is it necessary now to *decide it, for be that as it may this Court being unanimously of opinion that tbe affidavit of the prisoner, and the matters therein set forth, were not sufficient to entitle the prisoner, to a continuance of the cause, the Writ of Error must necessarily be refused.